Mr. Justice Thachek
delivered the opinion of the court.
This is an action of assumpsit instituted by Blundell for the use of McKee against Yaughan, upon a promissory note made by Boylan and Vaughan, payable to Blundell. There were two, trials; the first of which resulted in a verdict for the plaintiff, and the latter for the defendant.'
. Upon the first trial, Blundell testified, that after the maturity of the note he called upon Boylan for its payment, who gave him a paper addressed to McKee, whose contents he did not see, and upon its presentation McKee paid him $500, which he received as a payment of the note, and at McKee’s request he receipted on the note as follows: “ Rec’d of the within five hundred dollars from E. G. McKee.”
The question is, whether from the evidence the jury were *629 warranted in considering the transaction between Blundell' and McKee, as a purchase of the note by the latter. Blundell is very distinct that there was no contract of sale on liis part of the note, and his receipt upon the note accords with his testimony. The jury found, on this trial, for the plaintiff, without testimony and against the evidence, and a new trial was properly awarded.
Upon the 'second trial, Blundell was again a witness, and being willing to testify, was competent, as we have held. His testimony was the same in effect as upon the first trial. He repeated, “ that there was no contract between him and McKee by which McKee was to be purchaser of the note.” The evidence disclosed only a payment of the note by McKee as the agent for that purpose of Boylan, or the debtor, to whom he may look in another form of action. Coopwood, use, &c. v. Foster. [See post.]
Judgment affirmed.”